UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

DORIS A. SCRAGGS, and
TIM SCRAGGS, her husband

    Plaintiffs

v.                                Civil Action No.: 2:05-0267

NGK SPARK PLUGS (USA),
INC., and NANCY PAXTON

    Defendants

## MEMORANDUM OPINION AND ORDER

Pending before the court is defendants' motion, filed January 19, 2006, seeking summary judgment on plaintiffs' claims.

This case arises out of defendants' termination of plaintiff Doris Scraggs on March 4, 2004. On March 1, 2005, plaintiffs instituted this action in the Circuit Court of Kanawha County. In Count I of their complaint, plaintiffs allege the defendants terminated Scraggs in violation of W. Va. Code § 23-5A-3, which prohibits, among other things, termination of an injured employee while off work due to a compensable injury and receiving workers' compensation benefits. Count II contends the defendants failed to make reasonable accommodations for Scraggs in violation of the Americans with Disabilities Act ("ADA").

1

Count III maintains Scraggs was wrongfully terminated in violation of the public policy of West Virginia.  Count IV seeks injunctive relief and Count V asserts only that plaintiffs are entitled to punitive damages for defendants' conduct as outlined in the preceding paragraphs of the complaint.

On April 1, 2005, defendants removed the case asserting federal jurisdiction was proper under § 28 U.S.C. 1331 inasmuch as the plaintiffs alleged defendants failed to make reasonable accommodations for Scraggs in violation of the ADA.[1]  On January 19, 2006, defendants moved for summary judgment on all five counts of plaintiffs' complaint.  In plaintiffs' response, filed February 3, 2006, plaintiffs concede (1) that they have no evidence that defendants' conduct violated the ADA; (2) their claim for injunctive relief in Count IV is now moot; and (3) the claim for punitive damages in Count V, standing alone, does not state a viable claim.  Plaintiffs further note, in terse fashion and without any analysis, that "[t]his suit was removed on the basis of the ADA claim, therefore if that claim is dismissed, there may be an issue with regard to whether this Court maintains jurisdiction."  In their reply, defendants failed to address the

---

[1]Plaintiffs' complaint alleges that defendant Paxton, like the plaintiffs, is a citizen of West Virginia and thus a non-diverse defendant.

jurisdictional issue.

Inasmuch as plaintiffs concede that their claim under the ADA is no longer viable, their claim for injunctive relief is now moot, and their claim for punitive damages standing alone is not sufficient to state a claim, it is accordingly ORDERED that Counts II and IV are dismissed.  It is further ORDERED that Count V, to the extent it alleges an independent cause of action, is also dismissed.  Having dismissed the only federal claim in plaintiffs' complaint and having further noted that complete diversity does not exist between the parties, plaintiffs' remaining claims are before the court only under the court's exercise of supplemental jurisdiction.

Under 28 U.S.C. § 1367(c)(3), a court has discretion to decline exercising supplemental jurisdiction over state law claims if the court "has dismissed all claims over which it has original jurisdiction."  Among the factors that inform this discretionary determination are convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity and considerations of judicial economy.  <u>Carnegie-Mellon University v. Cohill</u>, 484 U.S. 343, 350 n.7 (1988).  In <u>United Mine Workers of America v. Gibbs</u>, 383 U.S. 715, 726

(1966), the Supreme Court cautioned that "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law."  The Supreme Court further noted that "[c]ertainly if the federal claims are dismissed before trial...the state claims should be dismissed as well."  Id.   The Fourth Circuit has read Gibbs as recognizing "the desirability of having state courts interpret questions of state law" and also noted that "the federal interests supporting federal resolution of pendent state claims recede when the federal questions are dismissed."  Mitcheson v. Harris, 955 F.2d 235, 238 (4th Cir. 1992).  Furthermore, if the case has been removed from state court to federal court, after dismissing the federal claim, the federal court may remand the case to state court pursuant to 1367(c).  See Hinson v. Norwest Fin. S.C., Inc., 239 F.3d 611, 617 (4th Cir.2001) ("under the authority of 28 U.S.C. § 1367(c), authorizing a federal court to decline to exercise supplemental jurisdiction, a district court has inherent power to dismiss the case or, in cases removed from state court, to remand, provided the conditions set forth in § 1367(c) for declining to exercise supplemental jurisdiction have been met.").

Inasmuch as the only federal claim upon which

4

jurisdiction was based now stands dismissed before trial and inasmuch further as the remaining state law claims are not related to any issues of federal policy, the court declines to exercise jurisdiction over the remaining state law claims. See Person v. Wal-Mart Stores Inc., 65 F. Supp.2d 361, 364-65 (E.D.N.C. 1999) (declining to exercise pendent jurisdiction over plaintiff's state law claim for termination in violation of public policy after granting summary judgment on plaintiff's ADA claim).  It is accordingly ORDERED that this case be, and it hereby is, remanded to the Circuit Court of Kanawha County.

      The Clerk is directed to forward copies of this order to all counsel of record and to the Clerk of the Circuit Court of Kanawha County, West Virginia.

DATED: March 1, 2006

John T. Copenhaver, Jr.
United States District Judge